UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENNETH T., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:20-cv-00097-JDL |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
|     Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the March 28, 2019, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 11-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (Notice of Appeals Council Action, R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 404.1520.

The ALJ found that Plaintiff has severe, but non-listing-level impairments secondary to multiple fractures (bilateral acetabular fractures, left rib fractures, and left lateral process fracture at L-4), bilateral total hip replacement, and right shoulder rotator cuff tendonitis and partial tear. (R. 13.) The ALJ further found that despite his impairments, Plaintiff has the residual functional capacity (RFC) to perform light work, provided the work can be performed from either a standing or sitting position; he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but cannot climb ladders, ropes, or scaffolds; he can occasionally reach overhead with his bilateral upper extremities, and he must avoid uneven surfaces. (R. 14.)

Based on the RFC finding, Plaintiff's work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of assembler, plastic hospital products, laundry folder, and garment folder. (R. 21.)  The ALJ determined, therefore, that Plaintiff was not disabled from May 20, 2017, through the date of the ALJ's decision. (*Id.*)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind

might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that (1) the ALJ's RFC determination is not supported by substantial evidence and depends on the ALJ's interpretation of raw medical data, (2) the ALJ erroneously excluded medical evidence submitted in advance of the administrative hearing, and (3) the Appeals Council erred when it concluded that additional evidence submitted to the Council would not likely produce a different result.

Plaintiff argues that because of developments in the medical record after the Disability Determination Services reviewing physicians on whom the ALJ relied, in substantial part, to formulate Plaintiff's RFC, issued their opinions, the opinions are of insufficient evidentiary weight to support the ALJ's RFC determination. (Statement of Errors at 2-9.) Not infrequently, a claimant receives more treatment and thus more records are generated after a consultant reviews the medical records. There is no legal requirement that a consulting expert review medical records generated after an expert review and before the administrative hearing for the consultant's opinion to be of substantial evidentiary weight. Whether further review is required or whether an ALJ can supportably rely on expert opinions issued before the additional records were generated depends on the nature of the impairment and the record. *Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he

3

amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert. In some cases, written reports submitted by non-testifying, non-examining physicians cannot alone constitute substantial evidence, although this is not an ironclad rule." (citations and internal quotation marks omitted)); *Bachelder v. SSA Comm'r*, No. 1:09-CV-436-JAW, 2010 WL 2942689, at *6 (July 19, 2010), *report and recommendation adopted*, 2010 WL 3155151 (D. Me. Aug. 9, 2010) ("There is no hard and fast rule requiring renewed evaluation by a consulting expert every time a disability claimant ... obtains new diagnoses in the interval between the initial DDS consultant's RFC assessment and the date of the administrative hearing.").

Here, Plaintiff alleges a disability secondary to a May 2017 motorcycle accident with significant physical injuries and treatment, including bilateral hip arthroplasty. Plaintiff received a right-side total hip arthroplasty on October 10, 2017, and he received a left-side total hip arthroplasty on December 28, 2017. (Exs. 6F, 8F.) The Disability Determination Services physicians considered his medical records in March 2018 (Ex. 1A: Donald Trumbull, M.D., review, inclusive of March 2018 follow up report); and in August 2018 (Ex. 3A: Robert Hayes, D.O., review, inclusive of records re: subsequent course of physical therapy).

The records generated after review by Disability Determination Services include treatment provider Gregory Blaisdell, M.D.'s, expressed concern about how to address "ongoing discomfort in the left hip more than the right" possibly to include a neurologic component and "a lot of left shoulder trouble" (Ex. 17F, R. 839); the recommendation of

4

provider Michael Totta, M.D., that Plaintiff receive an intra-articular injection in the sacroiliac joint and resume physical therapy because Plaintiff might have developed left-sided "ligamentous pain with referral into his leg" (Ex. 19F, R. 849); and physical therapy records that reflect that Plaintiff generally tolerated the sessions well, but eventually plateaued and failed to achieve his goal to eliminate the pain in his hips and shoulders. (Ex. 20F.)

Plaintiff challenges the ALJ's determination that he is limited to work that requires no more than "occasional overhead reaching." (Statement of Errors at 6.) Plaintiff maintains that this limitation "may be insufficient," but does not cite any opinion evidence that requires further limitations. (*Id.*) Similarly, while Plaintiff argues that the ALJ's determination that he could perform work that would allow a sit or stand option, such as work that could be performed from a stool or while standing next to the stool, was not a limitation identified by the Disability Determination Services reviewing physicians and that the ALJ's more restrictive RFC finding "may not go far enough," Plaintiff offers no expert opinion that additional limitations are necessary.

The ALJ considered and discussed the medical records generated after the reviewing physicians issued their opinions. (R. 17 – 19.) Contrary to Plaintiff's contention, the ALJ did not improperly interpret medical data. Instead, the ALJ assessed the overall medical evidence to determine whether the alleged level of impairment is supported by the record. The ALJ's RFC findings regarding the lower extremities are supported by the reviewing physicians' opinions, both of whom found a functional capacity that is consistent with the ALJ's findings insofar as the occupations identified at step 5 are concerned. In addition, to

the extent the ALJ's RFC gave Plaintiff some benefit of the doubt as to sit/stand or overhead reaching restrictions that are more favorable to Plaintiff than what the experts assessed, the ALJ's RFC finding was not error. *Kristina D.B. v. Berryhill*, No. 18-cv-00088-JHR, 2019 WL 1407407, at *4 (D. Me. Mar. 28, 2019); *see also Lee v. Berryhill*, No. 2:17-cv-00040-JHR, 2018 WL 793595, at *5 (D. Me. Feb. 8, 2018) (ALJ can give the claimant the "benefit of the doubt" and recognized limitations in the RFC finding beyond those expressed in an opinion that the ALJ might otherwise rely on as substantial evidence of a less restrictive RFC); *Soto v. Colvin*, No. 2:14-cv-28-JHR, 2015 WL 58401, at *3 (D. Me. Jan. 5, 2015) ("A claimant may not obtain a remand on the basis of an RFC that is more favorable than the evidence would otherwise support.").[2]

**B.     ALJ's Exclusion of Evidence**

Shortly before the March 12, 2019, administrative hearing, Plaintiff submitted a medical record that documented an injection into the left sacroiliac joint for pain management he received on February 8, 2019. The ALJ excluded the evidence as late, noting that Plaintiff had not provided written explanation for the late filing. (R. 10.) Plaintiff argues the exclusion promoted form over substance and that the record was received in ample time to be considered and within hours of counsel's receipt of the record. (Statement of Errors at 10-11.) Defendant argues Plaintiff failed to argue the record was filed timely, thereby forfeiting the argument for purposes of appeal. (Opposition at 11.)

---

[2] Plaintiff maintains that a more restrictive RFC could be vocationally relevant and cites vocational expert testimony related to a hypothetical RFC the ALJ did not, ultimately, find.  (Statement of Errors at 9.) Because Plaintiff's challenge to the RFC does not constitute error, the vocational significance of a more restrictive hypothetical RFC is not material.

Defendant otherwise argues the alleged error was harmless. (*Id.* at 12.)

The record, a "Minor Procedure Report," reflects that Plaintiff reported a reduction of "at least 50% of his usual pain" following the injection. (R. 44-45.) Plaintiff's experience of pain relief following the injection therapy does not undermine the ALJ's RFC finding. Any error in the exclusion of the record, therefore, was not material.

**C.    Appeals Council's Exclusion of Evidence**

After the hearing before the ALJ, Plaintiff obtained additional evaluation of and treatment for his shoulder impairment. The ALJ had found a limitation in overhead reaching even though the reviewing experts opined that Plaintiff was not significantly limited as to his upper extremities, and even though Plaintiff submitted evidence to support his assertion of "frozen shoulders." (R. 18; Ex. 1A, R. 115; Ex. 3A, R. 130.) Plaintiff presented the additional records to the Appeals Council and argued the records and issue merited further consideration by the ALJ.

Medical evidence generated and obtained after the administrative hearing might warrant reconsideration on remand when the evidence is material to the level of impairment experienced in the disability period that ordinarily terminates with the hearing decision, such that "there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). When the Appeals Council concludes that the evidence does not raise a reasonable probability of a different outcome on remand, that conclusion is reviewed in terms of whether the Appeals Council was "egregiously mistaken." *Mills v. Apfel*, 244 F.3d 1 (1st Cir. 2001); *Wilson v. Colvin*, No. 2:13-CV-197-JDL, 2014 WL 4715406, at *2 (D. Me. Sept. 22, 2014).

The evidence concerns further treatment for left shoulder AC arthritis. (R. 34-43.) The record prepared by Jonathan Watling, M.D., reflects that Plaintiff experienced "almost complete alleviation" (R. 36) / "eradication" (R. 37) of pain for a three to four week period following a diagnostic and therapeutic injection, but chose to undergo a surgical procedure in the hope of achieving permanent relief from limitations with overhead activity. The Appeals Council reviewed the evidence and found it would not likely change the outcome on remand. (R. 2.)

The ALJ had reviewed records that showed improvement and decreased pain with physical therapy and good relief from bilateral shoulder injections. (R. 18.) The ALJ recognized and credited Plaintiff's assertion of subjective pain symptoms. Although Dr. Watling's records include additional findings, the records do not include an opinion as to how Plaintiff's limitations secondary to pain would reduce his capacity to engage in work activity. Under the circumstances, the Appeals Council was not egregiously mistaken in its assessment of the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of March, 2021.